OPINION
{¶ 1} This is an appeal from the Richland County Court of Common Pleas from the trial court's classification of Appellant as a sexual predator.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 9, 2001, a Bill of Information was filed alleging that Appellant, being over 18 years of age, had engaged in sexual conduct with another, not her spouse, between the ages of 13 and 16, knowingly or recklessly, in violation of R.C. § 2907.04(A).
 {¶ 3} On November 21, 2001, Appellant waived service and indictment and entered an admission to the Bill of Information.
 {¶ 4} Upon Appellant's admission, the trial court made a finding of guilty.
 {¶ 5} On November 27, 2001, the trial court sentenced Appellant to three (3) years of community control.
 {¶ 6} On February 5, 2002, the trial court held a sexual predator hearing.
 {¶ 7} On February 7, 2002, the trial court entered its judgment classifying Appellant as a sexual predator.
 {¶ 8} It is from this determination that Appellant appeals, assigning the following error:
ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED IN DETERMINING THAT DEFENDANT WAS A SEXUAL PREDATOR. TRANSCRIPT [TR] 37-8, RECORD [R] 23."
 {¶ 10} Appellant argues that the State failed to produce to clear and convincing evidence upon which the trial court could find her to a sexual predator as required by R.C. 2950.02(E). We disagree.
 {¶ 11} Revised Code § 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses * * *." In determining whether an offender is a sexual predator, the judge shall consider all relevant factors, including but not limited to the following:
 {¶ 12} R.C. § 2950.09 (B)(2) lists the factors a trial court should consider in making a sexual predator determination:
 {¶ 13} "(a) The offender's age;
 {¶ 14} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 15} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 16} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 17} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually
 {¶ 18} oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender;
 {¶ 21} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 24} The standard of proof in determining whether an offender is a sexual predator is the clear and convincing evidence standard. See R.C. § 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, 477. A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 25} In the case sub judice, the court's conclusion that appellant was likely to re-offend was supported by competent, credible evidence. At the time of the offense, appellant was thirty-five years old, while her victims were fourteen years to sixteen years old. (T.at 14). There were multiple victims involved. Appellant admitted to three victims and there was testimony that there were six victims involved. Appellant engaged in sexual conduct with at least two of these victims numerous times. Appellant engaged in a pattern of behavior which continued over the course of one year. Appellant also used gifts and money to gain and/or keep the interest and friendship of these young boys. (T. at 21, 25).
 {¶ 26} Based on the evidence presented to the trial court, the judgment classifying appellant as a sexual predator is supported by competent, credible evidence. Appellant's sole assignment of error is overruled.
 {¶ 27} The judgment of the Richland County Court of Common Pleas is affirmed.
By: Boggins, J., W. Scott, Gwin, P.J. and Wise, J. concur.